People v Weir (2025 NY Slip Op 06468)

People v Weir

2025 NY Slip Op 06468

Decided on November 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, OGDEN, AND DELCONTE, JJ.

823 KA 24-01195

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERIC J. WEIR, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Melinda H. McGunnigle, J.), rendered July 2, 2024. The judgment convicted defendant, upon a plea of guilty, of criminal sexual act in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his guilty plea of criminal sexual act in the first degree (Penal Law former § 130.50 [3]), defendant contends that his waiver of the right to appeal should not be enforced because County Court sua sponte added the waiver as a condition of the plea (see People v Sutton, 184 AD3d 236, 243-245 [2d Dept 2020], lv denied 35 NY3d 1070 [2020]). He thus contends that the waiver of the right to appeal does not preclude our review of his challenge to the severity of his sentence. We reject that contention.
During proceedings immediately before defendant entered his guilty plea, both defense counsel and defendant stated on the record that they agreed that the plea agreement provided that the "proposed disposition" of the case included a waiver of the right to appeal. There is no indication in the record that the waiver of the right to appeal was added, sua sponte, by the court, which during the plea colloquy "used the appropriate model colloquy with respect to that waiver of the right to appeal" (People v Coon, 240 AD3d 1427, 1427 [4th Dept 2025], lv denied 44 NY3d 981 [2025]; see generally People v Thomas, 34 NY3d 545, 567 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). We therefore conclude that the valid waiver forecloses
defendant's challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255-256 [2006]; Coon, 240 AD3d at 1427).
Entered: November 21, 2025
Ann Dillon Flynn
Clerk of the Court